E-FILED
Friday, 31 January, 2020 10:52:34 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Specified persons, locker, and all electronic devices

Case No. 4:20-mj-6409

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the Southern District of Iowa, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 2252A | Transport, distribute, receive, access with the intent to view, and possess child pornography |

The application is based on these facts:

Please see attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Cristopher Berry

*Applicant's signature*

Special Agent Cristopher Berry, USSS

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

/s/ Jonathan E. Hawley

Date: 01/31/2020

*Judge's signature*

City and state: Peoria, Illinois

Hon. Jonathan E. Hawley, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| IN THE MATTER OF THE SEARCH OF: Specified persons, locker, and all electronic devices | Case No. 20-mj-6409<br>**Filed Under Seal** |
|---|---|

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, CRISTOPHER T. BERRY, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the person of Mitchell Dann Rockfield and the person of Mitchell Dann Rockfield, date of birth March 16, 1991 as well as his assigned locker at Phoenix Closures, Inc., 2728 West Central Park Avenue #A, Davenport, Iowa, described in Attachment A, for the things described in Attachment B.

2. I am a Special Agent with the United States Secret Service, and have been since July 2004. I am a graduate of the Federal Law Enforcement Training Center and the US Secret Service JJ Rowley Training Center. I have completed numerous training courses related to electronic crimes and computer devices. Most notably, in 2006, I completed training related to investigations of computer network intrusions. Previously, I was a Police Officer for the City of Creve Coeur, MO, from 1998-2004. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. §§2256) that were created, stored, distributed, or received via digital systems. As a Special Agent, I am authorized to investigate

violations of 18 U.S.C. §§2251, 2252, and 2252A and to execute warrants issued under the authority of the United States.

3. The facts set forth in this affidavit are based on your affiant's personal knowledge and investigation. The affidavit is also based on knowledge your affiant obtained from other individuals, including Rock Island, IL, Police Department Detective Tina Noe, my review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described in this affidavit, and information gained through your affiant's training and experience.

4. Your affiant submits this affidavit for the limited purpose of showing that there is sufficient probable cause to support issuing a warrant to seize and analyze the information identified herein. This affidavit does not purport to set forth all of your affiant's knowledge of, or investigation into, this matter. Unless specifically indicated otherwise, all conversations and statements described in this complaint are related in substance and in part only.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2252 (a)(2)(A) (receipt of child pornography), and 2252A (a)(5)(B) (possession of child pornography) have been committed, as described in the Probable Cause section below. There is also probable cause to search the person, locker, and electronic devices described in **Attachment A** for evidence and/or fruits of these crimes further described in **Attachment B.**

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**TECHNICAL TERMS**

7. Based on my training and experience, I use the following technical terms to convey the following meanings:

8. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

9. IP Address: The Internet is a worldwide system of computer networks – a network of networks – in which users at any one computer can, if they have permission, get information from any other computer (and sometimes talk directly to other computer users). An Internet Protocol address (also known as an IP address) is a set of numbers which identify a computer on the Internet. Standard IPV4 addresses follow the format of ###.###.###.###[1] wherein each of the numbers are between 0 and 255, or, in the case of IPV6,

---

1 As set in the protocol TCP/IP v4 which is in common usage today.

####.####.####.####.####.####.####.#### wherein each digit is between 0 and f in hexadecimal form[2]. Computers use IP addresses to identify each other on the Internet. Internet Protocol addresses are registered to the specific individuals or entities, such as an Internet service provider. When a subscriber of an Internet service provider wishes to access the Internet via their service, the Internet service provider will assign that account an IP address that identifies that account holder on the Internet. By providing the Internet service provider with the dates, times and IP addresses which a suspect used to access the Internet, the Internet service Provider will be able to provide the identifying information for the account holder who was assigned that specific IP address at that date and time, if the records still exist on their system.

10. Storage medium: A storage medium is any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

11. National Center for Missing and Exploited Children (hereinafter "NCMEC"), Internet Crimes Against Children (hereinafter "ICAC") and CyberTips:

a. NCMEC is a national clearinghouse that gathers information about missing and exploited children and child pornography. It also serves as a reporting system for internet businesses like Facebook, Google, or Dropbox to report child

---

[2] As specified in the protocol TCP/IP v6 which is becoming standard usage

pornography when it is detected or reported to them. NCMEC assigns the report a unique number, which creates the CyberTip, and attempts to determine the general geographic location of the information in order to refer it to the ICAC responsible for a specific region.

b. ICACs are a collaborative effort amongst law enforcement for child pornography investigations. There are dozens of ICACs across the United States. In western Illinois, the ICAC is operated by the Illinois Attorney General's Office and they maintain contacts, generally, at the local law enforcement level. Once information from NCMEC is received, ICAC will forward it to the relevant law enforcement agency. The law enforcement officer assigned a particular CyberTip will then begin their investigation based on it.

c. NCMEC generically refers to internet businesses such as Dropbox as Electronic Service Providers (hereinafter "ESP"). ESPs differ from Internet Service Providers (hereinafter "ISP") insofar as ESPs provide some sort of service on the internet, as opposed to ISPs which simply provide access to the internet. Frequently, ESPs will assign a user a numerical ID for which the user is unaware. This number will occasionally be captured as part of the Cybertip.

12. BitTorrent Network:

a. P2P file sharing is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using this software from a network that allows for the sharing of digital files between users on the network. A user first obtains the P2P software, which can be downloaded from the Internet. In general, P2P software allows the user to set up file(s) on a computer to be shared with others running compatible P2P software. BitTorrent, one type of P2P software, sets up its searches by keywords typically on torrent websites. BitTorrent programs are typically free to download and used for the exchange of files between computer users.

b. The results of a keyword search are displayed to the user. The website does not contain the files being shared only file referred to as a "torrent." The user then selects a .torrent file(s) from the results for download. This .torrent file contains instructions on how a user can download the file(s) referenced in the Torrent. The download of a file is achieved through a direct connection between the computer requesting the file and the computer(s) sharing the actual files (not the torrent file but the actual files referenced in the .torrent file using any BitTorrent client.)

c. For example, a person interested in obtaining child pornographic images would open the BitTorrent website on his/her computer and conduct a keyword search for files using a term such as "preteen sex." The results of the search are returned to the user's computer and displayed on the torrent site. The user selects a .torrent

from the results displayed the file(s) he/she wants to download. Once the .torrent file is downloaded, it is used by a BitTorrent program which the user had previously installed. The .torrent file is the set of instructions the program needs to find the files referenced in the .torrent file. The file(s) is downloaded directly from the computer or computers sharing the file. The downloaded file(s) is stored in the area previously designated by the user and/or the software. The downloaded file will remain until moved or deleted.

d. One of the advantages of P2P file sharing is that multiple files may be downloaded in parallel. This means that the user can download more than one file at a time. In addition, a user may download parts of one file from more than one source computer at a time. For example, a Bittorrent user downloading an image file may actually receive parts of the image from multiple computers. The advantage of this is that it speeds up the time it takes to download the file.

e. A P2P file transfer is assisted by reference to an Internet Protocol (IP) address. This address, expressed as four numbers separated by decimal points, is unique to a particular computer during an online session. The IP address provides a unique location, making it possible for data to be transferred between computers.

f. The computer running the file sharing application, in this case a BitTorrent application, has an IP address assigned to it while it is on the internet. BitTorrent users are able to see the IP address of any computer system sharing files to them

or receiving files from them. Investigators log the IP address that has sent them files or information regarding files being shared. Investigators can then search public records (ARIN) that are available on the internet to determine the internet service provider who has assigned that IP address. Based upon the IP address assigned to the computer sharing files, subscriber information can be obtained from the internet service provider.

**INERNET BASED DIGITAL STORAGE - DROPBOX**

13. Dropbox is a service that allows its users to store files on Dropbox's servers. Dropbox updated their privacy policy effective January 1, 2020. According to their privacy policy, which would have been in force on November 5, 2019, at https://www.dropbox.com/privacy2019:

> We collect and use the following information to provide, improve, protect, and promote our Services:
>
> *Account information.* We collect, and associate with your account, the information you provide to us when you do things such as sign up for your account, upgrade to a paid plan, and set up two-factor authentication (like your name, email address, phone number, payment info, and physical address).
>
> *Your Stuff.* Our Services are designed as a simple and personalized way for you to store your files, documents, photos, comments, messages, and so on **("Your Stuff")**, collaborate with others, and work across multiple devices and services. To make that possible, we store, process, and transmit Your Stuff as well as information related to it. This related information includes your profile information that makes it easier to

collaborate and share Your Stuff with others, as well as things like the size of the file, the time it was uploaded, collaborators, and usage activity.

*Contacts.* You may choose to give us access to your contacts to make it easy for you to do things like share and collaborate on Your Stuff, send messages, and invite others to use the Services. If you do, we'll store those contacts on our servers for you to use.

*Usage information.* We collect information related to how you use the Services, including actions you take in your account (like sharing, editing, viewing, creating and moving files or folders). We use this information to provide, improve, and promote our Services, and protect Dropbox users. Please refer to our FAQ for more information about how we use this usage information.

*Device information.* We also collect information from and about the devices you use to access the Services. This includes things like IP addresses, the type of browser and device you use, the web page you visited before coming to our sites, and identifiers associated with your devices. Your devices (depending on their settings) may also transmit location information to the Services. For example, we use device information to detect abuse and identify and troubleshoot bugs.

14. Dropbox currently allows users 2 GB of storage for free. If users desire a larger amount of storage on the account, Dropbox will provide it for a fee. As of this writing, Dropbox offers users 2 TB of storage for $9.99 per month.

15. When a user accesses their account, Dropbox will capture the IP address of the device used. They can also capture the model name of a mobile device when it accesses the account. If the user has upgraded to a larger account, Dropbox will have a record of the method used to make payments. This information could point towards a GooglePlay account for an

Android device or an iTunes account in the case of Apple. Once a credit card is on file with the account, or the subscription is made through GooglePlay or iTunes, the account auto-renews each month until cancelled by the user or the payment method is declined, as in a canceled credit card.

16.     In Dropbox's Law Enforcement Handbook, they advise that due to technical constraints, they are only able to "produce content of a Dropbox account in response to a search warrant that requests a **complete reconstruction** (emphasis added) of an account as of the date of warrant service or the date of a prior preservation request."

## GOOGLEPLAY AND ITUNES

17.     GooglePlay is the application store for mobile devices using the Android operating system. Additionally, GooglePlay also serves as the clearinghouse for monetary transactions occurring within applications using the Android operating system. iTunes serves a substantially identical function for Apple devices. Both systems request basic user information such as name and email address when registering for an account. They can also store further information such as cell phone, physical address, and credit cards.

## PROBABLE CAUSE

18.     On October 22, 2019, Detective Tina Noe, Rock Island Police Department, was conducting an online investigation of the BitTorrent Network for offenders sharing child pornography. An investigation was initiated for a device at IP address 50.83.131.233 because it

was associated with a torrent with the infohash: 56d05c98a1b63b3a232e99b2eb6b96a5e9998419 This torrent file references 31 files, at least one of which was identified as being a file of investigative interest to child pornography investigations.

19. Using a computer running investigative BitTorrent software, Det. Noe made a direct connection to the device at IP address 50.83.131.233, hereinafter referred to as "Suspect Device". The Suspect Device reported it was using BitTorrent Client software TIX0263- Tixati 2.63.

20. On Tuesday, October 22, 2019, between approximately 11:08am and 2:47pm, a download was successfully completed of the following 26 files that the Suspect Device at IP address 50.83.131.233 was making available. The Suspect Device at IP address 50.83.131.233 was the sole candidate for each download, and as such, each file was downloaded directly from this IP address. Detective Noe selected four of the shorter files to view to verify the content. A description of the content appears below the selected files in italics.

a. (PTHC OPVA 2014) Paradisebirds Casey & Stasy Lesbian (2013 SM_23-2)32m28s(00h12m30s-00h15m18s)_all.avi

b. PEDO-PTHC- SELECETED - 2014- ONLY THE BEST (85).avi

c. vlc-record-2013-08-23-10h29m07s-compilation pthc- laura, thai, vicky and more 03.avi-.avi

d. Pthc 2014 - Finland - 6yo and 4yo girls - 4..AVI

e. (PTHC 2013 PTXX OPVA) Daddy and 5yo April- suck and Fuck big Cock - Eye of the tiger (Vey good).avi

f. pthc Pedoland Frifam 2010 evily_show4 (7m34s) awesome!_mpeg2video.mpg

g. pthc 2012 - 4Yo Princess Film 0006-0010 compiled.wmv

*- Video depicts a female who appears under the age of six years of age. The video begins with the child naked sitting on a male subject's legs. The child grabs the penis and attempts to put the erect penis in her vagina. The rest of the video depicts video clips of the child licking and performing oral sex on the adult male.*

h. Video0023 man fuck little boy back street.mpg

i. (Pthc) Fevrier Girl 9Yo 3 (2014).avi

j. !!(~pthc center~)(opva soft)(2014) sister 7yr and brother webcam full video girl topless pulls pants down.avi

k. bathtime with daddy- 3yo girl ped.mp4

l. 2014 2013 9Yo Latin Bitch Does All Mvx 1855 Pthc Center)(Opva).wmv

m. 5yo boy+man - pleasure for a sleeping boy [20yo_Boy_Sucks_Sleeping_4yo_Boy].avi

n. Candydoll Top20 AliceL and GTA.mp4

o. (Pthc) New-2010 Assfuckin Nigger Babygirl ((Oh Yea)).avi

p. Pthc 2012 4Yo Superstar Girl Bj.mpg

*- This video depicts a child approximately 4-5 years of age performing oral sex on an adult male. The erect penis enters the child's mouth and at times, the child uses both her mouth and hands simultaneously.*

q. ++++ 2014 Pedo Film_0036 privat Viola Asiagirl 3 yo schreiber tief in muschi.wmv

r. !!(~Pthc Center~)(Opva)(2014) Horny Russian Girls 9Yr Flash Pussy 10Yr Rubbing Cunt.avi

s. vlc-record-2014-02-27-04h40m15s-Brazil_Sexo_Adolescentes 14yo boy girl fuck pedo pthc.wmv-.asf

t. (~pthc center~)(opva)(2014)(webcam)(Julia) J-HD2-optimized.mp4

u. Mom_Touch_2yo_Boy , pedomom , straight shota-352x288-FPS-25.flv

*- Appears to be a female adult pull down the toddler`s bib overalls along with the toddler`s pull-up or underwear to expose the toddler`s penis. The camera`s focus point is on the penis of the child. The female can be seen rubbing the toddler's penis. At one point, the female picks up the toddler and lays him back while she continues to rub his penis. The boy appears to be two or under.*

v. IMG_1499.MOV

w. 5yo sucker.wmv

x. VID-20140908-WA0000.mp4

y. (pthc Lolifuck) PedoFamily 34 - 5yo fist-fucks her aunties cunt hard (2011).wmv

*- Appears to be a child under the age of 6 yoa The child is standing as the fully developed female is laying down. The child`s fist is inserted inside the female`s vagina. At one point the camera zooms in on the child`s buttocks. At one point, the female who is being fisted by the child rubs her own clitoris.*

z. toddler girl - woman Licks toddler.avi

21. On October 23, 2019, a query was made of the IP address 50.83.131.233 through the American Registry for Internet Numbers (ARIN). ARIN reported the IP address to be registered to Mediacom Communications Corporation.

22. On October 29, 2019, Mediacom responded to a state of Illinois subpoena for records related to 50.83.131.233 and reported it belongs to account #8383890011158825 for Dartanya Walters at 1233 Glenhurst Court, Rock Island, IL, 61201. The records show the IP address was assigned to this account from March 18, 2019 to at least the date of the subpoena response.

23. On November 11, 2019, I was contacted by Detective Tina Noe of the Rock Island, IL, Police Department. Det. Noe said she received Cybertip 56369923 from NCMEC on or about November 4, 2019. This Cybertip detailed how an individual using Dropbox account 323575597 had uploaded child pornography to his Dropbox account. The Cybertip indicated there were multiple logins to this account from multiple IP addresses between January 29, 2019 and August 22, 2019. Dropbox reported to NCMEC that six files were uploaded to account 323575597. The Cybertip disclosed the following user or person information being reported:

- Email address: rockfieldmitch@gmail.com
- Screen/user name: Mrock Rag
- ESP User ID: 323575597
- **IP Address:** 2600:1008:b168:f38d:805a:8d66:364c:78a3
  (Login) 01-29-2019 01:09:55 UTC
- **IP Address:** 2604:2d80:c801:9c76:ac01:80c9:1a23:7d17
  (Login) 03-06-2019 01:35:10 UTC

- **IP Address:** 2600:1008:b153:da0e:f44c:488e:5e7:58b (Login) 05-20-2019 19:26:03 UTC
- **IP Address:** 50.207.141.44 (Login) 06-09-2019 14:23:48 UTC
- **IP Address:** 2604:2d80:e797:f300:8f2:62ba:3b9e:cd91 (Login) 07-22-2019 20:06:25 UTC
- **IP Address:** 2600:1008:b101:77c0:71b9:f5e2:6d61:5c9c (Login) 08-22-2019 19:19:12 UTC

24. This CyberTip further described the suspect as Mitchell D Rockfield, SSN xxx-xx-0229, 1233 Glenhurst Ct, Rock Island, IL 61201, and having a Facebook profile of: www.facebook.com/mitch.rockfield.

25. A note in the Cybertip reported that the user verified their email address on August 8, 2018 at 2:57am UTC. This would imply that the user established the account at some point prior to this date and time.

26. Det. Noe continued reporting that, on November 5, 2019, she logged into the Internet Crimes Against Children data system and viewed the reported files for inspection. She said one file, named "2225bada-33d9-4317-a862-34bc9e0b0b0a.gif", depicts a short video clip of the lewd exhibition of a prepubescent female performing oral sex on an erect penis. The oral sex was the focal point of the video. Det. Noe immediately filed a preservation letter with Dropbox on November 5, 2019.

27. On December 5, 2019 between approximately 2:08pm and 6:43pm, a download was successfully completed of the following six files that the Suspect Device at IP address

50.83.131.233 was making available. The Suspect Device at IP address 50.83.131.233 was the sole candidate for each download, and as such, each file was downloaded directly from this OP address. Detective Noe selected a shorter file to view to verify the content. A description of the content appears below the selected files in italics.

a. #Anya at 13yo...HAIRY.LS-Magazine (lsd04-09-02).avi

b. ((Lolitaguy)) Ls-Magazine Lsm-Bonus-07-01-02.mpg

c. (Hussyfan) (pthc) (r@ygold) (babyshivid) Asian kids #018,,,,,,,,,Cambodian Child Brothel, Svay Pak, 5yo, 6yo, 8yo, 10yo, 12yo. Pedo. Real stuff..avi

*-This video begins with a pre-pubescent female performing oral sex on a male's penis. There are four other females in the video. Three of the females appear to be pre-pubescent. During the video, the camera zooms in and focuses on the vagina area of a couple of the pre-pubescent females. What appears to be a male's hand can be seen spreading the vagina lips out and fondling a child's clitoris. The male appears older due to age spots on his hand.*

d. [ pthc 2012] 13yo LetAcia & 15yo Arthur Webcam a_-a_-a_- [kids,preteen,caligvla,blowjob,12yo,11yo].mp4

e. Ls Video Dreams Lsd 13-06-01 Ls-Magazine Issue #13.avi

f. Orgia - Three 13Yo 15Yo Preteen Boys Fucks 15Yo Girl.avi

28. Continuing on December 5, 2019, between approximately 2:18pm and 7:07pm, another download was successfully completed of the following three files that the Suspect Device at IP address 50.83.131.233 was making available. The Suspect Device at IP address

50.83.131.233 was the sole candidate for each download, and as such, each file was downloaded directly from this IP address. Detective Noe selected two of the files to view to verify the content. A description of the content appears below the selected files in italics.

a. 000082.mpg

*- Child appears under the age of six years old. Video depicts two females in a bathtub. A male is standing over the bathtub with an erect penis. The child strokes the male's penis with her hands. The other female is age difficult due to a limited camera view but also strokes the male's penis with her hands. The age difficult female has breast development. The child is seen performing oral sex on the female while in the bathtub. The age difficult female is seen fondling the child's vagina while in the bathtub.*

b. 000094.avi

*- Video depicts a prepubescent female under the age of thirteen performing oral sex on an adult male and a prepubescent male (under the age of thirteen) at the same time. The video also depicts the male prepubescent and female prepubescent engaging in sexual intercourse.*

c. 000095.mpeg

29. A search of publicly available Facebook pages locates the above "mitch.rockfield" who claims to live in Davenport, IA. A Facebook profile photo of the "mitch.rockfield" user appears to match the Facebook profile of "Mitch Ragnarklok Rockfield" who also purportedly lives in Davenport, IA. In it, "Mitch Ragnarklok Rockfield" claims to be in a relationship with "Tanner Walters (Dartanya)". A records check of CLEAR (a law enforcement database), located Dartanya Walters and associated her with the residence at 1233 Glenhurst Court, Rock Island, IL, 61201. An Idaho driver's license for Walters was found with

an address of 1816 E. 16th St, Idaho Falls, ID. This address was also associated with Walters in CLEAR.

30. Another search of CLEAR also located Mitchell Rockfield and associated him with 1233 Glenhurst Court, Rock Island, IL, 61201. As well, it associates him with 1000 Blythwood Place, Apt K182, Davenport, IA, 52804. A check of Iowa driver's license files reveals a license for Rockfield with an address at 1000 Blythwood Place, Apt K182, Davenport, IA 52804 and a photo of him that appears to match those of "Mitch Ragnarklok Rockfield" on Facebook.

31. On January 7, 2020, a query was made of the IP address 50.83.131.233 through the American Registry for Internet Numbers (ARIN). ARIN reported the IP address continues to be registered to Mediacom Communications Corporation.

32. On January 9, 2020, surveillance was conducted in the 1200 block of Glenhurst Court, Rock Island, IL, 61201. A black Nissan Altima bearing Iowa license plate EUF370 was parked near the residence. A records check of this license plate returns to Mitchell Dann Rockfield at 1000 Blythwood Place, Apt K182, Davenport, IA, 52804.

33. On January 15, 2020, Mediacom responded to a second subpoena from the Grand Jury for the Central District of Illinois for records related to 50.83.131.233 and reported that it belongs to account #8383890011158825 for Dartanya Walters at 1233 Glenhurst Court, Rock

Island, IL, 61201.  The records show the IP address was assigned to this account from August 31, 2019 to at least the date of the subpoena response.

34.    On January 17, 2020, MidAmerican Energy Company responded to a subpoena from the Grand Jury for the Central District of Illinois for records related to the address 1233 Glenhurst Court, Rock Island, IL, 61201.  The records show it is assigned to account #47080-57317 belonging to Dartanya Walters.

35.    On January 27, 2020, surveillance was conducted again in the 1200 block of Glenhurst Court, Rock Island, IL, 61201.  The black Nissan Altima registered to Rockfield was parked near the residence.

36.    On January 31, 2020, law enforcement executed a previously granted federal search warrant at Rockfield's residence at 1233 Glenhurst Court, Rock Island, in the Central District of Illinois. Present at the residence was Walters. Rockfield was not present. Agents determined in speaking with Walters that Rockfield is currently in Davenport, Iowa at his place of employment, Phoenix Closures, Inc., 2728 West Central Park Avenue #A, Davenport, Iowa. Walters also stated that Rockfield likely had his cellular telephone, a Samsung Galaxy S9, on his person and that he maintains his personal items within an assigned locker at his place of employment.

**COMPUTERS AND CHILD PORNOGRAPHY**

37. Based on my training, experience in multiple related investigations and search warrants, and the experience of other Agents and Officers I have talked with, I know that it is common for items of digital media, including but not limited to laptop computers, flash drives, cameras, cell phones, and digital music devices to be transported or stored in motor vehicles. I know that because of the relatively small sized nature of digital media, including those listed above, that there is equal reason to believe that such items can be found on a subject's person.

38. Based on my training, experience in multiple related investigations and search warrants, and the experience of other Agents and Officers I have talked with, I know that it is common for items of digital media, including but not limited to laptop computers, flash drives, cameras, cell phones, and digital music devices to be stored in common storage area of a residence including garage areas when those devices have been broken or replaced by newer equipment. I also know that even when these digital media devices have been stored for months or years, digital evidence can often be recovered from them.

39. Based on my training, experience in multiple related investigations and search warrants, and the experience of other Agents and Officers I have talked with, I know that computers and computer technology has revolutionized the way in which child pornography is produced, distributed and utilized.

a. Through the use of computers and the Internet, distributors of child pornography can use various web sites to conduct business, allowing them to remain relatively anonymous.

b. The Internet allows users, while still maintaining anonymity, to easily locate other individuals with similar interests in child pornography and/or Web sites that offer images of child pornography.

c. The computer's capability to store images in digital form makes it an ideal repository for child pornography. Devices known as "thumb drives" or "jump drives" can store thousands of digital files. Computer hard drives are continuing to grow in storage size and can contain many times the amount of files compared to thumb drives.

d. A significant aspect of the Internet is Peer-to-Peer file sharing. P2P is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using this software form a network that allows for the sharing of digital files between users on the network.

e. Because of the ease in which a user can use P2P software to locate and download child pornography, many users with an interest in child pornography will download child pornography and after viewing the downloaded files, will delete those files from their digital media until they next wish to again view this type of material where they will again download more files and repeat the process. Due

to the nature of these digital devices and the operating systems of the computers they are connected to, evidence of this activity can be recovered even after the files have been deleted.

**CHARACTERISTICS OF INDIVIDUALS THAT DISTRIBUTE, RECEIVE, AND POSSESS CHILD PORNOGRAPHY**

40. Based upon my training and experience, as well as upon information provided to me by other law enforcement officers, I am aware of the following general characteristics of people involved with child pornography, which may be exhibited in varying combinations:

41. The majority of individuals who collect child pornography are persons who have a sexual attraction to children. Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children, from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses (such as in person, in photographs, or other visual media), or from literature describing such activity. Part of this sexual gratification can come from the use of sexual toys or devices that depict children in anatomically accurate ways.

42. Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, video tapes, books, drawings, slides, computer graphics or digital or other images or visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to

arouse the selected child partner, or to demonstrate the desired sexual act. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography but which nonetheless fuel their deviant sexual fantasies involving children.

43. The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writings, in hard copy or digital medium, on the subject of sexual activities with children as a way of understanding their own feelings toward children, justifying those feelings and finding comfort for their illicit behavior and desires. Such individuals rarely destroy these materials because of the psychological support they provide. The majority of individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft and damage their collections of illicit materials. They almost always maintain their collections in the privacy and security of their homes or other secure location.

44. Individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a personal computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the individual to view the collection at the click of a mouse. These collections have also been discovered on electronic media of individuals who have moved from one location to another, typically due to the relatively small size laptop computers, thumb drives, hard drives, and other electronic media. A cloud-based platform makes an ideal format for storage, as it allows the

collector the ability to not store the material directly on a device they could be caught with, yet still maintain control of and to have ease of access. With proper software and security protocols, detecting and tracing the account user by law enforcement could be exceptionally difficult.

45. The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest and associated behavior. Individuals who have a sexual interest in children or images of children that correspond with and/or meet others to share information and materials rarely destroy correspondence from other child pornography distributors/collectors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses (including email addresses), and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography. These names may be maintained in the original medium from which they were derived, in telephone books or notebooks, on computer storage devices or merely on scraps of paper. The different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC (Internet Relay Chat), newsgroups, instant messaging and other similar vehicles.

**COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS**

46. As described above and in Attachment B, this application seeks permission to search for records that might be found on the person, in the locker, or on the electronic devices within the dominion and control of Mitchell Dann Rockfield, in whatever form they are found. One form in which the records might be found is data stored on a computer's hard drive or other storage media. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

47. *Probable cause.* I submit that if a computer or storage medium is found, there is probable cause to believe those records will be stored on that computer or storage medium, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

48. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when. There is probable

cause to believe that this forensic electronic evidence will be on any storage medium found because:

    a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

    b.   As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information